# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | |
| v. | |
| PASTOR FAUSTO PALAFOX, et al., | **ORDER** |
| Defendants. | |

Presently before the Court is Defendant John Joseph Siemer's motion to sever (ECF No. 429), filed on October 11, 2017. The government filed a response (ECF No. 441) on October 20, 2017, and Defendant filed a reply (ECF No. 445) on October 24, 2017. Also before the Court are Defendant Robert Alan Coleman's motion for joinder (ECF No. 436), filed on October 16, 2017, and Defendant John Chrispin Juarez's motion for joinder (ECF No. 438), filed on October 19, 2017.

As a preliminary matter, Mr. Coleman and Mr. Juarez move for joinder to Mr. Siemer's motion to sever, arguing that they are similarly situated and are requesting the same relief. The Court will grant both motions for joinder and consider the motion to sever on behalf of Mr. Siemer, Mr. Coleman, and Mr. Juarez.

As for the motion to sever, Defendants argue that the government is seeking capital punishment for some defendants in this case, so they will be prejudiced by the delay involved in bringing a capital case to trial. The government opposes the motion, arguing that severance is not warranted merely because some defendants are eligible for the death penalty, and that in any event, it has not yet made a formal decision whether to seek the death penalty in this case.

The decision to sever defendants is within the trial court's discretion. *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980). To prevail on a motion to sever, a defendant must demonstrate that "a joint trial is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *Id.* at 926 (internal quotation marks and citation omitted). Here, Defendants' motion relies on the delay that would result from the

government seeking the death penalty for certain non-moving defendants in this case. However, as the government points out, it has not yet formally sought the death penalty for any defendants in this case, nor has it informed the Court that it will do so. An analysis of the prejudice that would result from trying Defendants jointly with other defendants facing the death penalty is therefore premature. The Court will deny the motion to sever without prejudice.

In its response, the government asks the Court to use its inherent authority to sanction Defendants for what the government describes as an accusation of prosecutorial misconduct. This appears to be based on Defendants statement that their refusal to cooperate with prosecutors in an earlier case "infuriated the State of Nevada prosecutors and surely led to [their] indictment in this case . . . ." Mot. at p. 2. Defendants suggest that the government should be sanctioned instead. The Court will not consider sanctions at this time unless a standalone motion is brought before it.

IT IS THEREFORE ORDERED that Defendants' motions for joinder (ECF Nos. 436 and 438) are GRANTED.

IT IS FURTHER ORDERED that Defendants' motion to sever (ECF No. 429) is DENIED without prejudice.

DATED: November 29, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge